# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| DARCY CORBITT, DESTINY CLARK, and JOHN DOE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:18-cv-00091-MHT-GMB |
| HAL TAYLOR, in his official capacity as Secretary of the Alabama Law Enforcement Agency; Colonel CHARLES WARD, in his official capacity as Director of the Department of Public Safety; DEENA PREGNO, in her official capacity as Chief of the Driver License Division, and JEANNIE EASTMAN, in her official capacity as Driver License Supervisor in the Driver License Division, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Hal Taylor, Charles Ward, Deena Pregno, and Jeannie Eastman file this answer to plaintiffs' complaint:

## INTRODUCTION

1.     Defendants admit that they are responsible for establishing policies regarding an individual's description on a driver license, that a driver license identifies an individual's sex as set out on their birth certificate, and that an

amended state birth certificate or written proof of gender reassignment surgery by the physician performing the procedure is required to change an individual's sex on a driver license. The remaining allegations of paragraph 1 of the complaint are denied.

2.     Defendants admit that an amended state birth certificate or written proof of gender reassignment surgery by the physician performing the procedure is required to change an individual's sex on a driver license. The remaining allegations of paragraph 2 of the complaint are denied.

3.     Defendants deny the allegations of paragraph 3 of the complaint.

4.     Defendants deny that plaintiffs "have all been personally harmed by this policy" in any way that implies legal liability on the part of Defendants and deny that any Alabama Law Enforcement Agency ("ALEA") employee called plaintiff Corbitt an "it." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 4 of the complaint and accordingly these allegations are denied.

5.     The allegations of paragraph 5 of the complaint are denied.

6.     The allegations of paragraph 6 of the complaint are denied.

## JURISDICTION AND VENUE

7.     The allegations of paragraph 7 of the complaint are admitted.

8.     Defendants admit the statutes and rules of procedure cited authorize plaintiffs to bring suit. Defendants deny that any claim for declaratory or injunctive relief is warranted.

9.     The allegations of paragraph 9 of the complaint are admitted.

## PARTIES

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the complaint and accordingly these allegations are denied.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the complaint and accordingly these allegations are denied.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the complaint and accordingly these allegations are denied.

13.     The allegations of paragraph 13 of the complaint are admitted.

14.     The allegations of paragraph 14 of the complaint are admitted.

15.     The allegations of paragraph 15 of the complaint are admitted.

16.     The allegations of paragraph 16 of the complaint are admitted.

## FACTUAL ALLEGATIONS

17.    Defendants deny that Policy Order 63 provides for the changing of "gender" on a driver license. Defendants admit that written guidance to Policy Order 63 states that "an individual wishing to have the sex changed on their driver license due to gender reassignment surgery" is required to submit "[a]n amended state certified birth certificate and/or a letter from the physician that performed the reassignment procedure."

18.    The allegations of paragraph 18 of the complaint are admitted.

19.    Defendants admit they have issued no written definition of "gender reassignment surgery." The remaining allegations of paragraph 19 of the complaint are denied.

20.    Defendants deny that Jeannie Eastman has refused to change the sex designation for a driver license even when a transgender person has complied with the language of policy Order 63. Defendants admit that an amended state birth certificate or written proof of gender reassignment surgery by the physician performing the procedure is required to change an individual's sex designation on a driver license. The remaining allegations of paragraph 20 of the complaint are denied.

21.    Defendants admit that no statute requires individuals to provide an amended birth certificate to change an Alabama driver license or non-driver

identification card to document a person's correct gender. Defendants deny that a driver license or non-driver identification card documents an individual's "gender."

22.     The defendants admit that no statute enumerates requirements for changing an individual's sex on a driver license but that Ala. Code § 32-6-13 grants the Director of Public Safety rulemaking authority with respect to driver licenses. Defendants deny that a driver license or non-driver identification card lists an individual's "gender."

23.     The allegations of paragraph 23 of the complaint are admitted.

24.     Defendants deny that the said statute "requires gender-confirming surgery to correct the gender on a person's Alabama birth certificate." The remaining allegations of paragraph 24 of the complaint do not require a response as the statute speaks for itself.

25.     Defendants deny that they permit applicants to change descriptive characteristics, such as height and hair color, on a driver license or non-driver identification card to whatever they wish contrary to what is observable to the ALEA employee responsible for processing the application. Defendants admit that they do not always require additional documentation or medical certification to permit an applicant to change a descriptive characteristic to within observable limits of the ALEA employee responsible for processing the application.

5

26.     Defendants deny that an Alabama driver license reflects an individual's "gender" or that they keep records listing an individual's "gender." The remaining allegations of paragraph 26 of the complaint are admitted.

27.     The allegations of paragraph 27 of the complaint are denied.

28.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 28 of the complaint and accordingly these allegations are denied.

29.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 29 of the complaint and accordingly these allegations are denied.

30.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 30 of the complaint and accordingly these allegations are denied.

31.     Defendants deny that Policy Order 63 is not required by state law as state law grants ALEA rulemaking authority for driver license requirements. Defendants deny that the acceptance of the sex designation from other states' driver licenses where they have no previous record of the applicant's sex is proof of inconsistent application of Policy Order 63. Defendants deny that Policy Order 63 is "at odds" with "ALEA's own policies and practices for other descriptive information." Defendants lack knowledge or information sufficient to form a belief

about the remaining allegations in paragraph 31 of the complaint and accordingly these allegations are denied.

32.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 32 of the complaint and accordingly these allegations are denied.

33.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 33 of the complaint and accordingly these allegations are denied.

34.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 34 of the complaint and accordingly these allegations are denied.

35.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 35 of the complaint and accordingly these allegations are denied.

36.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 36 of the complaint and accordingly these allegations are denied.

37.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 37 of the complaint and accordingly these allegations are denied.

38.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 38 of the complaint and accordingly these allegations are denied.

39.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 39 of the complaint and accordingly these allegations are denied.

40.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 40 of the complaint and accordingly these allegations are denied.

41.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 41 of the complaint and accordingly these allegations are denied.

42.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 42 of the complaint and accordingly these allegations are denied.

43.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 43 of the complaint and accordingly these allegations are denied.

44.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 44 of the complaint and accordingly these allegations are denied.

45.     Defendants admit that non-governmental individuals and entities use a driver license as a form of identification. Defendants deny that a driver license is necessary for all of the activities listed.

46.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 46 of the complaint and accordingly these allegations are denied.

47.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 47 of the complaint and accordingly these allegations are denied.

48.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 48 of the complaint and accordingly these allegations are denied.

49.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 49 of the complaint and accordingly these allegations are denied.

50.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 50 of the complaint and accordingly these allegations are denied.

51.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 51 of the complaint and accordingly these allegations are denied.

52.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 52 of the complaint and accordingly these allegations are denied.

53.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 53 of the complaint and accordingly these allegations are denied.

54.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 54 of the complaint and accordingly these allegations are denied.

55.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 55 of the complaint and accordingly these allegations are denied.

56.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 56 of the complaint and accordingly these allegations are denied.

57.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 57 of the complaint and accordingly these allegations are denied.

58.    Defendants admit that on some occasions individuals are asked to show a driver license to verify their identity. The remaining allegations of paragraph 58 of the complaint are denied.

59.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 59 of the complaint and accordingly these allegations are denied.

60.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 60 of the complaint and accordingly these allegations are denied.

61.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 61 of the complaint and accordingly these allegations are denied.

62.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 62 of the complaint and accordingly these allegations are denied.

63.     The allegations of paragraph 63 are admitted.

64.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 64 of the complaint and accordingly these allegations are denied.

65.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 65 of the complaint and accordingly these allegations are denied.

66.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 66 of the complaint and accordingly these allegations are denied.

67.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 67 of the complaint and accordingly these allegations are denied.

68.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 68 of the complaint and accordingly these allegations are denied.

69.     Defendants admit that plaintiff Corbitt visited an Opelika Driver License Office to obtain an Alabama license to replace her North Dakota license. Defendants admit that, based on a computer search using Corbitt's social security number, the driver license examiner printed out an application containing information from Corbitt's previous Alabama driver license, including a designation of her sex as "M." The remaining allegations of paragraph 69 are denied.

70.     Defendants deny that the paperwork listed Corbitt's "gender" as male. The remaining allegations of paragraph 70 are admitted.

71.     Defendants admit that the driver license examiner spoke with her supervisor and contacted the Medical Unit to verify the requirements Corbitt must meet to have the sex designation on her driver license changed. Defendants admit that they declined to issue Corbitt an Alabama driver license designating her sex as "F" but did offer to issue her a driver license with an "M" sex designation consistent with policy. Defendants admit that Corbitt left the driver license office after threatening to sue. The remaining allegations of paragraph 71 of the complaint are denied.

72.     Defendants deny that plaintiff Corbitt was "coerced" in any way. Defendants lack knowledge or information sufficient to form a belief about the

remaining allegations in paragraph 72 of the complaint and accordingly these allegations are denied.

73.     Defendants deny that Corbitt obtaining an Alabama license with the sex designation required by Policy Order 63 would require her to "sacrific[e] her safety, privacy, autonomy, and dignity." Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 73 of the complaint and accordingly these allegations are denied.

74.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 74 of the complaint and accordingly these allegations are denied.

75.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 75 of the complaint and accordingly these allegations are denied.

76.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 76 of the complaint and accordingly these allegations are denied.

77.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 77 of the complaint and accordingly these allegations are denied.

78.     Defendants admit that plaintiff Clark has tried to change the sex listed on her Alabama driver license on at least one occasion. Defendants deny that an Alabama driver license lists an individual's "gender." Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 78 of the complaint and accordingly these allegations are denied.

79.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 79 of the complaint and accordingly these allegations are denied.

80.     Defendants admit that Jeannie Eastman received letters from a physician other than the physician that performed an unspecified medical procedure on Clark. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 80 of the complaint and accordingly these allegations are denied.

81.     Defendants admit that the documentation provided by a physician other than the one that performed an unspecified medical procedure on Clark was insufficient. Defendants admit that additional documentation was provided by the same physician, who was not the physician that had performed the procedure on Clark. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 81 of the complaint and accordingly these allegations are denied.

82.     Defendants admit that the documentation provided failed to comply with Policy Order 63 as the documentation was not from the physician that performed the procedure. Defendants admit that Clark's sex designation on her license was not changed pursuant to this policy. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 82 of the complaint and accordingly these allegations are denied.

83.     Defendants admit that Jeannie Eastman received a third letter—this time from the physician that performed the surgery. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 83 of the complaint and accordingly these allegations are denied.

84.     Defendants admit that Jeannie Eastman was informed by the office of the doctor that performed the procedure that plaintiff Clark did not receive complete gender reassignment surgery. The remaining allegations of paragraph 84 are denied.

85.     Defendants admit that Jeannie Eastman would not change the sex designation on Clark's license because the office of the physician that performed the procedure on Clark verified that she had not had complete gender reassignment surgery. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 85 of the complaint and accordingly these allegations are denied.

16

86.     Defendants deny that Clark's driver license lists her "gender." Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 86 of the complaint and accordingly these allegations are denied.

87.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 87 of the complaint and accordingly these allegations are denied.

88.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 88 of the complaint and accordingly these allegations are denied.

89.     Defendants deny that a person learns Clark is transgender "any time she shows her license." Defendants deny that Clark's license designates her "gender" or that the "wrong gender on her driver license increases that risk [of violence]." Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 89 of the complaint and accordingly these allegations are denied.

90.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 90 of the complaint and accordingly these allegations are denied.

91.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 91 of the complaint and accordingly these allegations are denied.

92.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 92 of the complaint and accordingly these allegations are denied.

93.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 93 of the complaint and accordingly these allegations are denied.

94.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 94 of the complaint and accordingly these allegations are denied.

95.     Defendants admit it would be futile for plaintiff Doe to attempt to change his sex designation on his license without complying with Policy Order 63. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 95 of the complaint and accordingly these allegations are denied.

96.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 96 of the complaint and accordingly these allegations are denied.

97.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 97 of the complaint and accordingly these allegations are denied.

98.    Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 98 of the complaint and accordingly these allegations are denied.

99.    Defendants deny that a person "[t]ypically" learns that Doe is transgender "whenever Mr. Doe shows his driver license to someone . . . ." Defendants deny that Doe's license designates his "gender." Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 99 of the complaint and accordingly these allegations are denied.

100.   Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 100 of the complaint and accordingly these allegations are denied.

101.   Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 101 of the complaint and accordingly these allegations are denied.

102.   Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 102 of the complaint and accordingly these allegations are denied.

## CLAIMS FOR RELIEF UNDER 42 U.S.C. § 1983

## COUNT I

103.   Defendants reincorporate their responses to paragraphs 1-102.

104.   This paragraph does not require a response as it is a statement of law. To the extent this paragraph alleges defendants are liable for any alleged injury, the allegations of paragraph 104 are denied.

105.   This paragraph does not require a response as it is a statement of law. To the extent this paragraph alleges defendants are liable for any alleged injury, the allegations of paragraph 105 are denied.

106.   This paragraph does not require a response as it is a statement of law. Defendants further state that the scope of the right alleged is far from settled. To the extent this paragraph alleges defendants are liable for any alleged injury, the allegations of paragraph 106 are denied.

107.   The allegations of paragraph 107 of the complaint are denied.

108.   The allegations of paragraph 108 of the complaint are denied.

109.   The allegations of paragraph 109 of the complaint are denied.

## COUNT II

110.   Defendants reincorporate their responses to paragraphs 1-109.

111.   This paragraph does not require a response as it is a statement of law. Defendants further state that the scope of the right alleged is far from settled. To the extent this paragraph alleges defendants are liable for any alleged injury, the allegations of paragraph 111 are denied.

112.   This paragraph does not require a response as it is a statement of law. Defendants further state that the scope of the right alleged is far from settled. To the extent this paragraph alleges defendants are liable for any alleged injury, the allegations of paragraph 112 are denied.

113.   The allegations of paragraph 113 of the complaint are denied.

114.   Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 114 of the complaint and accordingly these allegations are denied.

115.   Defendants deny that Policy Order 63 forces plaintiff Corbitt to have a surgical procedure she does not wish to have. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 115 of the complaint and accordingly these allegations are denied.

116.   Defendants deny that the surgical procedure plaintiff Clark's doctor confirmed she had received satisfies the requirements of Policy Order 63 to allow a

change in the sex designation on her license. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 116 of the complaint and accordingly these allegations are denied.

117.   Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 117 of the complaint and accordingly these allegations are denied.

118.   The allegations of paragraph 118 of the complaint are denied.

119.   The allegations of paragraph 119 of the complaint are denied.

## COUNT III

120.   Defendants reincorporate their responses to paragraphs 1-119.

121.   This paragraph does not require a response as it is a statement of law. To the extent this paragraph alleges defendants are liable for any alleged injury, the allegations of paragraph 121 are denied.

122.   This paragraph does not require a response as it is a statement of law. To the extent this paragraph alleges defendants are liable for any alleged injury, the allegations of paragraph 122 are denied.

123.   The allegations of paragraph 123 of the complaint are denied.

124.   The allegations of paragraph 124 of the complaint are denied.

125.   The allegations of paragraph 125 of the complaint are denied.

126.   The allegations of paragraph 126 of the complaint are denied.

## COUNT IV

127.   Defendants reincorporate their responses to paragraphs 1-126.

128.   This paragraph does not require a response as it is a statement of law. To the extent this paragraph alleges defendants are liable for any alleged injury, the allegations of paragraph 128 are denied.

129.   The allegations of paragraph 129 of the complaint are denied.

130.   The allegations of paragraph 130 of the complaint are denied.

131.   The allegations of paragraph 131 of the complaint are denied.

132.   The allegations of paragraph 132 of the complaint are denied.

133.   The allegations of paragraph 133 of the complaint are denied.

134.   The allegations of paragraph 134 of the complaint are denied.

135.   The allegations of paragraph 135 of the complaint are denied.

## RELIEF REQUESTED

Defendants deny that they are liable to plaintiffs. Defendants deny that plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.   Defendants deny any allegation in plaintiffs' complaint that is not expressly admitted above.

2.   Plaintiffs fail to state a claim upon which relief can be granted.

3.   Some or all of plaintiffs lack standing.

4.     Defendants assert that, to the extent that plaintiffs are attempting to assert any claim arising out of any act or omission that took place before February 6, 2016, such a claim is barred by the statute of limitations.


Respectfully submitted,

Steve Marshall
   *Attorney General*

By:

/s Brad A. Chynoweth
Brad A. Chynoweth  (ASB-0030-S63K)
Winfield J. Sinclair  (ASB-1750-S81W)
   *Assistant Attorneys General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
(334) 242-7300
(334) 353-8440 (fax)
bchynoweth@ago.state.al.us
wsinclair@ago.state.al.us

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I certify that on April 3, 2018, I filed the foregoing electronically using the

Court's CM/ECF system, which will serve all counsel of record.

/s Brad A. Chynoweth
Counsel for Defendants