**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DARCY CORBITT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| HAL TAYLOR, *et al.*, | ) | 2:18-cv-00091-MHT-GMB |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

It is ORDERED that the joint motion for protective order (Doc. 32) is GRANTED as follows:

1.      This Stipulation is entered into to facilitate the production, exchange and discovery of documents and information that any party or non-party believes merit confidential treatment.  This Stipulation shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given or exchanged by and among the parties and any non-parties to the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as

"Discovery Material").

2.      As used herein:

(a) "Confidential Information" shall mean: (1) social security or taxpayer identification

numbers; (2) birth dates; (3) names of persons known to be minors; (4) financial account

numbers; (5) driver's license numbers; and (6) any document containing plaintiff John

Doe's actual name.  This information shall be considered "Confidential Information"

without requiring any specific designation by the Producing Party, though the Producing Party will make a good faith effort to identify names of minors produced.  This section of the Order does not prevent any Party from proposing that other categories of information be included within the future coverage of this or any other protective order.  Should a party wish to add a category of information to that deemed "Confidential Information" by the Order, that party must first negotiate in good faith with the other party. If the parties are unable to reach agreement on the proposed additions and whether such additions shall require designation by the Producing Party, or if a party consulted has not responded to the proposing party's request within ten (10) days, the requesting party may seek an expanded or separate protective order from the Court.

(b) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with this Litigation.

(c) "Receiving Party" shall mean the parties to this action and any non-parties receiving "Confidential Information" in connection with this Litigation.

3.     When a Party requests documents or information pursuant to a discovery request under the Federal Rules of Civil Procedure, the Producing Party must produce a version of the information that fully discloses the Confidential Information.  If either Party then creates a version of the document or information which permanently redacts Confidential Information pursuant to the provisions of Rule 5.2(a) of the Federal Rules of Civil Procedure, and for drivers' licenses redacts all but the last four digits of the number, then the new redacted version of the document or information will not be considered Confidential and the provisions of this Order shall not apply to such redacted documents.

4.     Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity by the Receiving Party except:

(a) the parties and representatives of the parties in this Litigation;

(b) counsel for any party in this Litigation and their associated and temporary attorneys, paralegals and other professional personnel (including support staff), and service vendors (including outside copying and litigation support services) who are directly assisting such counsel in the conduct of this Litigation, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants who have been consulted for the purpose of being retained, or who have been retained by the parties or their counsel to furnish assistance, technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation; and the employees of such experts or consultants when working in connection with this Litigation under the direct supervision of said persons, provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 3 hereof;

(d) the Court and court personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 7 hereof;

(f) trial and deposition witnesses, and their counsel, during the course of, and to the extent necessary, in preparation for depositions or testimony in this Litigation, provided, however, that such Confidential Information is disclosed in accordance with Paragraphs 7

and 8, respectively, hereof, and that prior to disclosure, the disclosing party shall request that such persons and their counsel execute a copy of the Confidentiality Undertaking. Should said persons refuse to execute the Confidentiality Undertaking, the Confidential Information shall not lose its status as Confidential Information through such disclosure; and

(g) any other person agreed to by the parties.

5.      Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this Litigation and for no other purposes.

6.      Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to Paragraph 4(c) hereof, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of the Confidentiality Undertaking attached hereto, to comply with and be bound by its terms.

7.      The Parties agree to attempt to redact any Confidential Information from documents that are used in depositions, as described above in Paragraph 3, to the extent practicable.  If Confidential Information is to be discussed or disclosed during a deposition, either Party has the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information. Portions of depositions will be deemed "Confidential" under this Order if they contain Confidential Information.

8.      In the event that either Party seeks to use Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, and the Party cannot redact the Confidential Information as specified above in Paragraph 3, Counsel shall confer on such procedures that are necessary to protect the confidentiality of any

4

documents, information, and transcripts used in the course of any court proceedings.  Such Confidential Information shall not lose its status as Confidential Information through such agreed upon or Court-ordered use.

9.     A Receiving Party who seeks to file with the Court any Discovery Material that contains Confidential Information, and any pleading, brief or memorandum which discloses Confidential Information, shall redact the Confidential Information pursuant to Paragraph 3, above.

10.     Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

11.     The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

12.     Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity, tax privilege, or any other privilege, right, or immunity.  Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any Discovery Material made in connection with this action that a party claims was inadvertent and should not have been produced or disclosed for any reason, including but not limited to attorney-client privilege, work-product, and tax privilege ("Inadvertently Produced Material") will not be deemed to be a waiver in whole or in part as to any protections to which the party would have been entitled had the Inadvertently Produced Material not inadvertently been disclosed, either as to the specific information and/or documents disclosed or as to any other related information and/or documents in this case and in any other federal or state proceeding. In the event of such claimed inadvertent disclosure, the

following procedures shall be followed:  (1) The Producing Party shall notify lead counsel for the opposing party in writing within a reasonable period of time from the discovery of the inadvertent production by specifically identifying the affected material; (2) If the Producing Party requests the return or destruction of any such Inadvertently Produced Material, those to whom the request is made shall return to the Producing Party or destroy immediately all copies of the affected material within their possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the Inadvertently Produced Material was provided; (3) In addition, all notes or other work product of the Receiving Party reflecting the contents of such Inadvertently Produced Material shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database; and (4) The Receiving Party shall confirm in writing within 5 business days of being notified of the inadvertent production that all copies of the Inadvertently Produced Material have been returned or destroyed.

13.     This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court.

14.     The provisions of this Stipulation shall be binding upon the parties.   All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the parties.

15.     This Stipulation has no effect upon, and shall not apply to, the parties' use of their own Confidential Information for any purpose.  Nothing herein shall impose any restrictions on the lawful use or disclosure by a party of documents, materials or information that has been obtained lawfully by such party independently of the proceedings in this Litigation.

6

16.     The parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

17.     If any person receiving documents covered by this Stipulation (the "Receiver") is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (all, collectively, a "Demand"), and such Demand seeks Discovery Material that contains Confidential Information produced by someone other than the Receiver, the Receiver shall give prompt written notice by hand or electronic or facsimile transmission, within five (5) business days of receipt of such Demand, to the person or party who produced the material through that person or party's representative, if any.  The Receiver shall not produce any of the Producing Party's Confidential Information, unless otherwise Court-ordered or required by law, for a period of at least five days after providing the required notice to the Producing Party.  If, within five days of receiving such notice, the Producing Party gives notice to the subpoenaed party that the Producing Party opposes production of its Confidential Information, the Receiver shall object, citing this Stipulation, and not thereafter produce such Confidential Information, except as Court-ordered or required by law.  The Producing Party shall be solely responsible for further pursuing any objection to the requested production.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Information covered by this Stipulation, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.  In the event that Confidential Information is produced to a non-party to this Stipulation in response to a subpoena or document demand, such Discovery Material shall continue to be treated by the parties in accordance with this Stipulation.

18.     This Stipulation shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.   The provisions of this Stipulation shall, absent prior written consent of all parties or order of a court of competent jurisdiction, continue to be binding after the conclusion of this action.

19.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an agreement as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all unredacted documents containing Confidential Information produced and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.   Either Party may request the other Party to certify in writing after sixty (60) days of the final termination of this Litigation that it has undertaken its best efforts to destroy or return such documents, and that such documents have been destroyed to the best of its knowledge.   Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.

21.     This Stipulation may be changed by further order of this Court, and without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

DONE this 18th day of May, 2018.


GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE