# Exhibit 14

# Plaintiffs' Supplemental Response to Defendants' First Interrogatories to Plaintiffs

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARCY CORBITT, et al., ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> HAL TAYLOR, in his official capacity as ) <br> Secretary of the Alabama Law Enforcement ) <br> Agency, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:18-cv-91-MHT-GMB |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFFS**

Plaintiffs Darcy Corbitt, Destiny Clark, and Jane Doe, by and through their attorneys, respond as follows to Defendants' interrogatories with a supplemental response to interrogatory number sixteen.

**GENERAL OBJECTIONS AND QUALIFICATIONS**

1. Plaintiffs object to Defendants' discovery requests to the extent that any inquiry or request is overbroad, vague, ambiguous, and/or unduly burdensome.

2. Plaintiffs object to Defendants' discovery requests to the extent that any inquiry or request seeks information or documents protected by the attorney-client privilege, or any other evidentiary privilege, including any privilege involving health care providers or the work-product doctrine.

1

3. Plaintiffs object to Defendants' discovery requests to the extent that any inquiry or request seeks information or documents not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs object to Defendants' discovery requests to the extent that any inquiry or request seeks to have Plaintiff create documents that do not exist.

5. Plaintiffs object to Defendants' discovery requests to the extent that any inquiry or request seeks information or documents that would be unreasonably cumulative or duplicative or equally available to Defendant.

6. Plaintiffs object to Defendants' discovery requests to the extent that any inquiry or request calls for a legal conclusion.

7. Plaintiffs object to each of Defendants' discovery requests that is not limited by a specific time restriction.

8. Plaintiffs reserve the right to supplement their responses to these requests to the extent that additional information becomes available to them.

**Supplemental Response**

16. For each plaintiff, state every gender confirming procedure or gender reassignment procedure the plaintiff has undergone.

**RESPONSE:** To the extent not answered through documents produced pursuant to Plaintiffs' initial disclosures, in Plaintiffs' Responses to the Defendants' First Requests to Admit, or in the rest of this response, the Plaintiffs object to this interrogatory because it is irrelevant to any party's claim or defense, not proportional to the needs of the case, overly broad, unduly burdensome and invasive, and seeks material protected by psychiatrist-patient or psychologist-patient privilege.

Without waiving any of the objections and qualifications noted in this response or above, and subject to the Protective Orders in this case. Plaintiffs state that the only gender-confirming surgery Destiny Clark has received is augmentation mammoplasty.

s/ Brock Boone
Brock Boone
Randall C. Marshall
ACLU OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
bboone@aclualabama.org
rmarshall@aclualabama.org

Rose Saxe
Gabriel Arkles
ACLU LGBT & HIV Project / ACLU Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2605
rsaxe@aclu.org
garkles@aclu.org
*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I certify that on October 19, 2018, I served the above document on Brad Chynoweth (bchynoweth@ago.state.al.us), Michael Robinson (michael.robinson@alea.gov), and Win Sinclair (wsinclair@ago.state.al.us) via email.


s/ Brock Boone