IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DARCY CORBITT, et al.,       )
                             )
     Plaintiffs,             )
                             )      CIVIL ACTION NO.
     v.                      )      2:18cv91-MHT
                             )
HAL TAYLOR, in his           )
official capacity as         )
Secretary of the Alabama     )
Law Enforcement Agency,      )
et al.,                      )
                             )
     Defendants.             )
```

ORDER

This court, having denied the parties' cross-motions for summary judgment, must resolve "whether to decide the case on the paper record or to hold a trial as to some or all issues." Order (doc. no. 69). In order to inform that decision, the court seeks additional briefing from the parties. Accordingly, it is ORDERED that the parties are to separately file, by noon on September 18, 2020, a brief responding to the

following questions, with any reply, if desired, due by noon on September 25, 2020:

(1) What impact, if any, should the decision of the United States Supreme Court in *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020), have on the equal protection claim before the court?

(2) Should the court hold a hearing to determine whether the defendants' interest in law enforcement identification is "hypothesized or invented *post hoc* in response to litigation," as described by the United States Supreme Court in *United States v. Virginia*, 518 U.S. 515, 533 (1996)?

(3) Is Policy Order 63 in fact consistent with the process for amending the sex designation on an Alabama birth certificate?  The parties should specifically address any judicial interpretation of when "the sex of an individual born in this state has been changed by surgical procedure."  Ala. Code § 22-9A-19(d).

DONE, this the 3rd day of September, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE